AFFIDAVIT OF SPECIAL AGENT CATHERINE BROOMFIELD
IN SUPPORT OF A WARRANT TO SEIZE FUNDS FOR FORFEITURE

I, Catherine Broomfield, being duly sworn, hereby state as follows:

I. INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI") currently assigned to the Boston, Massachusetts Field Office. I have been employed as a Special Agent since May 2018. I am currently tasked with the investigation of economic crimes, including wire fraud, bank fraud, money laundering, bankruptcy fraud, and mortgage fraud. I have received on-the-job training as well as FBI-sponsored training on these types of investigations. My investigations and training have included the use of surveillance techniques and the execution of search, seizure, and arrest warrants.

2. This affidavit is submitted in support of an application for a warrant to seize:

   a. All funds on deposit in Citizens Bank, account number ▓▓▓0322, currently held in the name K&B Education Group LLC (the "Target Account 1");
   b. All funds on deposit in Citizens Bank, account number ▓▓▓0330, currently held in the name K&B Education Group LLC (the "Target Account 2");
   c. All funds on deposit in Citizens Bank, account number ▓▓▓9897, currently held in the name EDUHUP Education & Technology Group Inc. (the "Target Account 3");
   d. All funds on deposit in Citizens Bank, account number ▓▓▓6627, currently held in the name EDUHUP Education & Technology Group Inc. (the "Target Account 4"); and
   e. All funds on deposit in Eastern Bank, account number ▓▓▓6127, currently held in the name K&B Education Group LLC (the "Target Account 5");

(collectively, the "Target Accounts" and the "Funds").

3. This affidavit is submitted for the limited purpose of establishing probable cause to believe that the Target Accounts contain proceeds traceable to a violation of 18 U.S.C. § 1343 (Wire Fraud) and are, therefore, subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 981, as incorporated by 28 U.S.C. § 2461. I have included only those facts I believe

to be necessary to make this showing. Therefore, this affidavit does not include each and every fact known to me concerning this investigation. The following facts are based on my personal participation in this investigation, which includes interviews of witnesses, the review of documents, and conversations with other law enforcement officers.

## II.     FORFEITURE AND SEIZURE AUTHORITY

4.   As set forth below, I submit that probable cause exists to believe that the Funds are subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), because the Funds is property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any specified unlawful activity, specifically violations of 18 U.S.C. § 1343 (Wire Fraud). Pursuant to 18 U.S.C. § 1961(1), as incorporated by 18 U.S.C. § 1956(7)(A), violations of 18 U.S.C. § 1343, are specified unlawful activity.

5.   This Court has authority to issue a seizure warrant, pursuant to 18 U.S.C. § 981(b)(2), which states that "[s]eizures pursuant to this section shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure." This Court also has authority to issue a seizure warrant pursuant to 21 U.S.C. § 853(f), as incorporated by 28 U.S.C. § 2461(c), which authorizes "the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant. If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that [a restraining order] may not be sufficient to assure the availability of the property for forfeiture."

6.   Finally, a restraining order would be insufficient because money in a bank account is fluid, and I have learned that, despite the best intentions, financial institutions cannot guarantee that money restrained, but not seized, will be available for forfeiture at a later time.

### III. PROBABLE CAUSE TO SUPPORT REQUESTED WARRANT

7. In October 2019, I became involved in the investigation of KEENAM PARK, also known as Kason Park, who was the President and Chief Executive Officer of K&B Education Group, LLC, which did business as EduBoston, a company with its principal office located at 161 Harvard Avenue, #12, Allston, Massachusetts. Based on the investigation, on November 25, 2019, I presented an affidavit in support of a criminal complaint to this Court, alleging probable cause to believe PARK committed wire fraud, in violation of 18 U.S.C. § 1343, and requesting a warrant for his arrest. A copy of that affidavit is incorporated by reference as though fully set forth herein and is attached as Exhibit 1. The same day, the Court found probable cause and granted the warrant, and on November 26, 2019, PARK was arrested. PARK's case is pending before this Court. *See* Criminal No. 19-mj-1423-DLC.

8. As I explained in Exhibit 1, based on the investigation – including my review of bank records and records provided by parents of students enrolled at EduBoston partnering schools as well as interviews of witnesses – I am aware that PARK caused EduBoston to collect tuition and other payments from students' families for the 2019-2020 (*i.e.*, current) academic year, but failed to remit tuition payments to the partnering schools. In total, EduBoston collected over $5 million dollars from hundreds of students and their families, but instead of paying the students' tuition and expenses (including host family expenses), PARK used the funds on unrelated expenses, including personal expenses.

9. In addition, PARK caused EduBoston to begin collecting advance tuition and other payments for the 2020-2021 academic year. That is, instead of waiting until February 15, 2020 to collect the initial deposit for the 2020-2021 academic year, PARK began collecting funds for the

3

2020-2021 academic year in or about September 2019. PARK did this as part of an "early reenrollment program" EduBoston initiated in or around 2015 or 2016.

10. On or about September 26, 2019, EduBoston announced to partnering schools, students' families, and host families that the company would be going out of business effective immediately.

11. At a meeting of "school creditors" held on September 19, 2019, PARK, consultant Ross Honig, and attorneys for EduBoston told attendees, in sum and in substance, that PARK had mismanaged EduBoston's finances and commingled his personal finances with those of the company. Based on an interview with a school representative who attended the meeting, I am aware that attendees were informed that PARK had used EduBoston funds to purchase homes in Massachusetts, California, and Korea (totaling more than $2.4 million), an Aston Martin luxury car, and to gamble. Attendees were further informed that PARK had lost over $4 million of EduBoston's money in two weeks of gambling, $1 million of which he lost in a span of 24 hours.

12. I have reviewed additional financial records, including records related to the Target Accounts and the Funds. Target Account 1 is held by Citizens Bank in the name K&B Education Group LLC and, as of October 31, 2019, contained at least $42,620.09. Target Account 2 is held by Citizens Bank in the name K&B Education Group LLC and, as of October 31, 2019, contained at least $748.19. Target Account 3 is held by Citizens Bank in the name EDUHUP Education & Technology Group Inc.[1] and, as of October 31, 2019, contained at least $5,713.24. Target Account 4 is held by Citizens Bank in the name EDUHUP Education & Technology Group Inc. and, as of

---

[1] EduHup Education & Technology Group, Inc. ("EduHup") is an Edu-Boston related company. Documents on file with the Secretary of the Commonwealth of Massachusetts show that EduHup was established in or about September 2017. Since in or about August 2018, PARK has been listed in the documents as the company's president, treasurer, secretary, and director.

October 31, 2019, contained at least $5,480.67. Target Account 5 is held by Eastern Bank in the name of K&B Education Group LLC and as of January 8, 2020 contained at least $421,753.95. Since November 30, 2019, approximately $58,506 has been depleted from Target Account 5.[2] A review of account records shows that these were PARK's business accounts, into which funds paid to EduBoston by parents were deposited, purportedly to be used for their children's tuition payments. Because PARK solicited families to pay EduBoston purportedly for tuition but, rather than using those funds to pay tuition to partnering schools, instead diverted, stole, and otherwise misused those funds, probable cause exists to believe that any funds remaining in the Target Accounts constitute proceeds of PARK's crimes, which would not exist in those accounts but for his crimes.

13. Probable cause exists to believe that the Target Accounts were used to house PARK's proceeds, and that anything remaining in the Target Accounts is proceeds of his crimes. For example, as part of the investigation, I interviewed the former general manager of EduBoston, who informed me, among other things, that PARK handled all of EduBoston's finances. The former general manager said that it always concerned him that he had no access to the company's financial information. In addition, PARK told the former general manager that PARK went to a casino in Connecticut on two occasions in an attempt to recover money for EduBoston, but instead lost over $3 million – $2 million on the first occasion and $1 million on the second. The former general manager said that PARK led a lavish lifestyle. According to the former general manager,

---

[2] We are awaiting an updated set of records from Eastern Bank related to Target Account 5.

PARK bought an expensive house in Weston, a sports car, spent money dining out, and invested in the stock market.

14. 

### IV. CONCLUSION

15. Based on my knowledge, training, and experience, and the facts set forth in this affidavit, and in my affidavit in support of an application for a criminal complaint, incorporated herein and attached as Exhibit 1, I respectfully submit that there is probable cause to believe that

the Funds contained within the Target Accounts constitute proceeds of a violation of 18 U.S.C. § 1343, and are subject to forfeiture.

Respectfully submitted,

Catherine Broomfield
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on January 20, 2020

Donald L. Cabell
United States Magistrate Judge